IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JERED BARRIOS, as the Personal Representative of the Estate of RANDALL BARRIOS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1) HASKELL COUNTY PUBLIC FACILITIES AUTHORITY;<br>(2) BRIAN HALE, individually,<br>(3) KATRINA CHRISTY, individually and in her official capacity,<br>(4) SHERIFF TIM TURNER, in his official capacity; and<br>(5) DOES I THROUGH V.<br><br>Defendants. | Case No. 17-CV-325-SPS |

## COMPLAINT

**COMES NOW** Plaintiff, Jered Barrios ("Plaintiff"), as Personal Representative of the Estate of, Randall Barrios, deceased, and for his causes of action against the Defendants, alleges and states as follows:

1. Defendant Haskell County Public Facilities Authority ("Jail Trust"), was, at all times relevant hereto, a public trust created pursuant to 60 O.S. § 176 et. seq to run the Haskell County Criminal Justice Center ("Jail"), and is a valid public trust with the County of Haskell as its beneficiary who is a public subdivision of the State of Oklahoma (hereinafter "County"). Jail Trust was, at all times relevant hereto, responsible for providing medical services including mental health care and medication to Mr. Barrios while he was in the custody of the Jail. Jail Trust was additionally responsible for implementing Jail policies regarding medical care, assisting in developing those policies,

1

funding staff and resources, and in training and supervising employees with regard to said policies.

2. Defendant, Brian Hale, at all relevant times, was the duly elected Sheriff for Haskell County during the incarceration of Mr. Barrios and the final policymaker for the Jail Trust and County in regards to its law enforcement mechanism the Haskell County Sheriff's Department ("HCSD"). Hale is being sued in his individual capacity for his personal actions and supervisory actions.

3. Defendant, Tim Turner is the current duly elected sheriff of Haskell County and the final policymaker of the Jail Trust and County in regards to its law enforcement mechanism, HCSD. Turner is being sued in his official capacity for the personal and supervisory actions taken by the office of the Sheriff of Haskell County at the time of Mr. Barrios's death.

4. Defendant, Katrina Christy, at all relevant times, was the Jail Administrator for the Haskell County Criminal Justice Center operating as the final policymaker for the Jail Trust and County in regards to the operation of the Haskell County Criminal Justice Center. Christy is being sued individually and in her official capacity for the personal and supervisory actions taken as Jail Administrator.

5. The true names of DOES I through V are unknown to Plaintiff at the time of the initial filing. Plaintiff alleges that several specific employees ranging from jail nurses to jail staff employees are employed by Haskell County Detention Center Public Trust Board, at the time of the incident. Those employees were deliberately indifferent to Mr. Barrios's medical needs and safety, violated his civil rights, negligently and wrongfully

caused his death, and/or encouraged, directed, enabled and/or ordered other Defendants to engage in such conduct.

6. Except as otherwise indicated, all acts and omissions referred to herein occurred within the two years prior to filing this complaint. Additionally, Barrios's estate presented notice of a claim under the Oklahoma Governmental Tort Claims act to Haskell County on or about December 9, 2016. The mandatory ninety (90) day waiting period before denial of a claim is assumed fell on or about March 9, 2017 and has since passed. The County's time for denial of the claim has since passed and their response is deemed as a denial.

7. This complaint arises under the civil rights statutes of the United States and under diversity. Specifically, 42 U.S.C. § 1983 and 28 U.S.C. § 1332 are applicable. In addition, ancillary jurisdiction is invoked under 28 U.S.C. § 1367.

8. Pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1332 and § 1367, this Court has jurisdiction.

9. All material allegations herein occurred within the Eastern District of Oklahoma. Thereby, making venue proper in this Court.

10. The Haskell County Public Facilities Authority d/b/a the Haskell County Criminal Justice Center a/k/a Haskell County Jail is and was during the time period responsible for all material conduct of the Haskell County Criminal Justice Center and its employees. All acts, customs, policies, practices, failure to train and failure to supervise its employees alleged herein are attributed to the Haskell County Public Facilities Authority.

11. Both within the applicable statute of limitations, and presumptively for many years prior thereto, the County has been in charge of the Criminal Justice Center where its unconstitutional policies and procedures or failure to enact or enforce constitutional policies and procedures have allowed inmates to be withheld treatment and/or medication that is necessary for their health and wellbeing.

12. All the Conduct alleged herein by the Haskell County Public Facilities Authority and its employees was performed while acting under the color of law and within the meaning of 42 U.S.C. § 1983.

13. Recognizing the extraordinary vulnerability of persons who are inmates of a county jail for any reason and the county's responsibility to provide care for any serious medical need and/or protection from self-harm, the State of Oklahoma and United States Constitutions and Oklahoma common law require that proper medical attention and/or medications be provided.

14. It is further alleged the County has failed to enact a policy and/or procedure to evaluate, treat and/or protect inmates from suicidal acts.

15. It is further alleged that the County had a policy, custom, or practice of allowing an environment for its employees to refuse to provide treatment and/or protections from those exhibiting suicidal thoughts or symptoms.

16. It is further alleged that the County, or its administration, were deliberately indifferent to the Constitutional rights of the decedent set forth herein, and/or the direct and proximate cause of the damages sought by the plaintiff.

17. Plaintiff further alleges that the decedent, Randall Barrios, was in the custody of the Haskell County Criminal Justice Center where he took his life on November 12, 2016.

18. Additionally, and even prior to his death, Mr. Barrios was severely depressed, exhibited signs of suicidality and suicidal ideations, and was under medical care for pain and depression. All defendants were notified and aware of decedent Barrios's condition.

19. Plaintiff further alleges that the decedent, and others, made multiple requests for treatment, evaluations and/or medications to be prescribed to the decedent. That this failure to monitor, treat, and/or permit the medications was the direct and proximate cause of the decedent's death.

20. Upon information and belief, multiple witnesses noticed decedent's behavior and heard him exhibit suicidal ideations. This included multiple previous attempts by Mr. Barrios to commit suicide prior to his death. Witnesses reported that information to County officials. Despite having knowledge that decedent was at risk for committing suicide, the County was deliberately indifferent to decedent's rights, safety, and medical care.

21. Upon information and belief, the County took no action to prevent or contain the risk of decedent's suicide.

22. Upon information and belief, all Defendants knew that decedent not having access to treatment, medications, and evaluations could result in depression and suicide.

Despite this, all defendants denied decedent access to that medication and were deliberately indifferent to the known risk of suicide it would create in decedent.

23. Based on the foregoing allegations, Haskell County Public Facilities Authority, Brian Hale, the Haskell County Sheriff, Katrina Christy and/or John/Jane DOES I-V were deliberately indifferent and/or negligent to the Constitutional rights of the damages sought by the Plaintiff set forth herein, by and through their identified acts and/or negligent to the Constitutional rights of the damages sought by the Plaintiff set forth herein, by and through their identified acts and/or failures to act. Additionally, under the Oklahoma Constitutional law, the Haskell County Public Facilities Authority is liable for any negligent acts in violation of the Oklahoma Constitutional rights afforded to the decedent as allowable by law.

## CLAIMS FOR RELIEF

**First Claim for Relief - Cruel and Unusual Punishment in Violation of the Eighth and/or Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) Defendants Haskell County Public Facilities Authority, Sheriff Hale, Sheriff Tim Turner, Jail Administrator Katrina Christy, and DOES I – V.**

24. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-three (23), with the same force and effect as described above.

25. All Defendants knew there was a strong likelihood that Mr. Barrios's condition would cause his death or permanent injury. Mr. Barrios had obvious, serious and emergent medical issues and needs, including depression, mental illness, suicidal ideations, and other conditions made known to these Defendants at the time of his arrest, when he was taken to the Jail, during his stay at the Jail, and numerous other times prior to his death.

26. Nonetheless, all Defendants disregarded the known and obvious risks to Mr. Barrios's health and safety.

27. All Defendants failed to provide, *inter alia*: an adequate or timely medical evaluation, any assessment, to properly follow care instructions upon Mr. Barrios's first unsuccessful suicide attempt, or adequate medical monitoring and supervision or to otherwise care for Mr. Barrios while he was placed under their care, in deliberate indifference to Mr. Barrios's serious medical needs, health and safety.

28. Sheriff Brian Hale (and Tim Turner in his Official Capacity) and Jail Administrator Katrina Christy assumed and possessed supervisory capacity and responsibility for supervising, hiring, and training deputies, jail staff, and medical employees to serve the citizens of Haskell County including Barrios. Hale, Turner, and Christy also assumed responsibility for promulgating, creating, administering, and enforcing, rules and procedures for the Haskell County Sheriff's Department for the day-to-day operation of the criminal justice center that protect the citizen inmates of Haskell County and prevent Barrios's unconstitutional injuries. Hale and Christy personally involved themselves in Barrios's death by participating in the creation of flawed training protocols, lack of supervision, and tolerance of numerous constitutionally infirm activities of his subordinate deputies including previous instances of unreasonable responses to threats of safety to inmates (including unconstitutional responses to the emergent threat of suicide to Mr. Barrios). Additionally, Hale and Christy exercised control and discretion over these employees'/deputies' activities and employees/deputies like these who committed prior instances of ignoring medical needs but chose to not address their actions with further training. Further, Hale and Christy failed to properly

discipline and supervise deputies that engaged in unconstitutional acts. Finally, Hale and Christy knew of these violations of citizen's constitutional rights and acquiesced to their continuance.

29. In the wake of Mr. Barrios's death, the citizens of Haskell County elected a new sheriff, Tim Turner. Turner is being sued in his official capacity as the current sheriff of Haskell County for the actions taken by the Sheriff's office. Turner assumed responsibility for written policies and regulations, informal customs amounting to widespread practices, and the responsibility to train and supervise its employees when those policies present a known or obvious risk of potentially causing unconstitutional injuries to citizens of Haskell County like Barrios.

30. As a direct and proximate result of Defendants' conduct, Mr. Barrios experienced severe physical pain, severe emotional distress, severe mental anguish, loss of his life, and all other compensatory damages alleged herein or otherwise recoverable by his estate.

31. There is an affirmative link between the aforementioned acts and/or omissions of these Defendants in being deliberately indifferent to Mr. Barrios's serious medical needs, health and safety and policies, practices and/or customs which both defendants respectively promulgated, created, implemented and/or were responsible for maintaining.

32. Such policies, practices and/or customs include, but are not limited to:

    a. The failure of each entity or individual to promulgate, implement or enforce, adequate medical treatment or supervision policies responsive to the serious medical needs of inmates like Mr. Barrios;

    b. Inadequate medical triage screening by law enforcement officers or at the Jail that fails to identity inmates with serious medical needs;

c. Severe limitation of the use of off-site medical service providers, even in emergent situations, at the Jail;
d. Untimely medical examinations and treatment at the Jail;
e. Understaffing medical personnel at their Jail, under-funding operations of the jail, or under-training employees and/or officers on how to identify, assess or react to emergent medical situations;
f. Jail's failure to adequately train Jail personnel and staff with respect to the proper assessment, classification and treatment of inmates with serious medical needs including suicide; and,
g. Jail's failure to supervise, oversee or otherwise to require the mental health evaluations or suicide watch once an emergent suicide risk was determined.

33. All Defendants knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of inmates like Mr. Barrios.

34. All Defendants disregarded the known and/or obvious risks to the health and safety of inmates like Mr. Barrios.

35. All Defendants through continued encouragement, ratification, and approval of the aforementioned policies, practices, and/or customs, in spite of their known and/or obvious inadequacies and dangers, have been deliberately indifferent to inmates', including Mr. Barrios's serious medical needs.

36. There is an affirmative link between the unconstitutional acts of Jail subordinates and the County's adoption and/or maintenance of the aforementioned policies, practices and/or customs.

37. As a direct and proximate result of the aforementioned policies, practices and/or customs, Mr. Barrios experienced severe physical pain, severe emotional distress, severe mental anguish, loss of his life, and all other compensatory damages alleged herein or otherwise recoverable by his estate or its beneficiaries.

38. At all times pertinent hereto, all Defendants were acting under color of state law.

39. All defendants were charged with implementing and assisting in developing the policies of the Haskell County Jail with respect to the medical care of inmates at the Haskell County Jail and have the responsibility to adequately train and supervise said employees.

40. All defendants are involved in, and exert control over, the Jail's medical program.

41. All defendants control the policies and practices of the Detention Center, particularly with respect to medical care provided at the Haskell County Jail.

42. There is an affirmative link between the deprivation of Mr. Barrios's right to be free of cruel and unusual punishment and policies, practices and/or customs all defendants promulgated, created, implemented and/or were responsible for maintaining.

43. Such policies, practices and/or customs include, but are not limited to:

   a. The failure to promulgate, implement or enforce adequate medical treatment policies responsive to the serious medical needs of inmates like Mr. Barrios;
   b. Inadequate medical triage screening that fails to identify inmates with serious medical needs;
   c. Severe limitation of the use of off-site medical and diagnostic service providers, even in emergent situations;
   d. Untimely medical examinations and treatment;
   e. Understaffing of medical personnel and/or underfunding of medical operations;
   f. The failure to adequately train employees with respect to the proper assessment, classification and treatment of inmates with serious medical conditions;
   g. The failure to allow for transport to off-site providers when necessary or prudent; and
   h. County's ratification, via its final policymakers Hale/Turner and Christy, of its employees complete and total deliberate indifference to Haskell County Jail inmates.

44. All defendants knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of inmates like Mr. Barrios.

45. All defendants disregarded the known and/or obvious risks to the health and safety of inmates like Mr. Barrios.

46. All defendants tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, knew (and/or it was obvious) that such conduct was unjustified and would result in violations of constitutional rights, and were deliberately indifferent to the serious medical needs of inmates like Mr. Barrios.

47. As a direct and proximate result of the aforementioned policies, practices and/or customs, Mr. Barrios experienced damages in excess of $500,000.00 including severe physical pain, severe emotional distress, severe mental anguish, loss of his life, and all other compensatory damages alleged herein or otherwise recoverable by his estate.

48. Additionally, Plaintiff is entitled to entitled to attorney's fees, costs of this action, interest as provided by law, and such other relief as is just and proper.

**Second Claim for Relief – Negligence and Wrongful Death 12 O.S. § 1053 – Sheriff Hale, Sheriff Turner & Jail Administrator Katrina Christy.**

49. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through forty-eight (48), with the same force and effect as described above.

50. Decedent Barrios died at the jail facility while under the care of the Jail Trust, Hale, Turner, & Christy.

51. Decedent Barrios's death was entirely preventable but for the negligent and/or reckless failures experienced by Mr. Barrios while at the jail and under the care of jail employees.

52. Mr. Barrios suffered immensely due to the conduct of Jail trust, the Jail, and jail employees including mental anguish and loss of life while at the Jail. Mr. Barrios also lost any possible future wages and benefits he may have accumulated later in life.

53. The heirs and next of kin of Randall Barrios suffered as a result of the Barrios's death including: the loss of financial support of contributions of money to his child and immediate family; the grief of his child; the loss of companionship and parental care, training, guidance, or education that would have been forthcoming from Decedent Barrios to his children and grandchildren, and the loss of companionship of Decedent Barrios of his children; the loss of the companionship of his family The pain and suffering of Decedent Barrios; and the medical and burial expenses.

54. It is a direct and proximate result of the actions of the Jail Trust, Hale, Turner, & Christy that Mr. Barrios suffered and wrongfully died. As a result of the Jail Trust and/or its employees, servants, agents or contractors negligent, reckless or intentional acts, Plaintiff has been substantially damaged in sums in excess of One Hundred and Twenty Five Thousand Dollars ($125,000.00) for which Plaintiff should recover judgment.

### Third Claim for Relief – Negligence and Wrongful Death pursuant to 12 O.S. § 1053 against DOES I - V

55. Plaintiff alleges and realleges paragraphs numbered one (1) through fifty-one (54), above, with the same force and effect as if fully set forth herein.

56. Barrios, alternatively and at a minimum, died at the hands of DOES I - V while DOES I - V negligently, recklessly or intentionally failed to respond to known or obvious risks that Mr. Barrios was a suicide risk. But for the negligent and/or reckless failures experienced by DOES I - V.

57. Barrios suffered immensely and died due to the conduct of Frost. The heirs and next of kin of Barrios suffered as a result of the Barrios's death including: the loss of financial support of contributions of money, grief, companionship, and medical and burial expenses.

58. It is a direct and proximate result of the actions of DOES I - V that Barrios suffered and wrongfully died. As a result of the DOES I – Vs' negligent, reckless or intentional acts, Jered Barrios, administrator of the Estate of Randall Barrios has been substantially damaged in sums in excess of One Hundred and Twenty-Five Thousand Dollars ($125,000.00) for which Plaintiff should recover judgment.

### Fourth Claim for relief - Negligent training, hiring, and supervision against Haskell County Public Facilities Authority, Sheriff Hale, and Katrina Christy[1]

59. Plaintiff alleges and realleges paragraphs numbered one (1) thorough fifty-eight (58), above, with the same force and effect as if fully set forth herein.

---

[1] Barrios's estate presented notice of a claim under the Oklahoma Governmental Tort Claims act to Haskell County on or about December 9, 2016. The mandatory ninety (90) day waiting period before denial of a claim is assumed fell on or about March 9, 2017 and has since passed. The County's time for denial of the claim has since passed and their response is deemed as a denial.

60. Upon information and belief, DOES I – V were known to the County or by exercise of ordinary care to be inadequately capable of caring for the medical needs of inmates, specifically with concern for mental health dilemmas such as suicidal ideations, depression, and risk of suicide.

61. The Sheriff's Department, County, and Katrina Christy owed a duty of care to Barrios to not subject him to its employees who would risk negligent, reckless or intentionally fail to protect Barrios from physical harm against him via suicide. These defendants also owed a duty of care to Barrios to hire, train, and supervise its employees in a manner that would promote safety, ethical action, and responsibility of its employees who interact with the inmates at the Haskell County Criminal Justice Center.

62. These defendants breached the duty of care to Plaintiff when they hired, failed to effectively train, failed to supervise, and failed to take any necessary steps to ensure that these employees were able to perform their duties in an ethical and safe manner.

63. The actions, inactions, and omissions of the County and these defendants were the direct and proximate cause of injuries sustained by Barrios.

64. As a result of the incident these defendants and the County's conduct, Barrios suffered and ultimately lost his life. Barrios's estate and heirs also suffered immensely at the death of Barrios. The aforementioned damages are in an amount in excess of $125,000.00.

### Fifth Claim for relief – Violation of Oklahoma Constitution
### against Haskell County Public Facilities Authority, Sheriff Hale, Sheriff Turner, and Katrina Christy[2]

65. Plaintiff alleges and realleges paragraphs numbered one (1) thorough sixty-four (64), above, with the same force and effect as if fully set forth herein.

66. Pursuant to Okla. Const. art. II, § 9, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." Pursuant to Okla. Const. art. II, § 7, "No person shall be deprived of life, liberty, or property, without due process of law." Under *Bosh v. Cherokee County Bldg. Authority,* 305 P.3d 994, 2013 OK 9, a private cause of action exists for inmates to recover for violations of the provisions of the Okla. Const. art. 2.

67. Defendant Haskell County Public Facilities Authority is responsible for the conduct, acts, and omissions of its employees and/or agents when an employee and/or agent violatess the Oklahoma Constitution in the scope of their employment.

68. There is an affirmative link between the deprivation of Mr. Barrios's right to be free of cruel and unusual punishment and policies, practices and/or customs which the Jail, Hale, and Christy promulgated, created, implemented and/or were responsible for maintaining.

69. Such policies, practices and/or customs include, but are not limited to:

    a. The failure to promulgate, implement or enforce adequate medical treatment policies responsive to the serious medical needs of inmates like Mr. Barrios;

---

[2] Barrios's estate presented notice of a claim under the Oklahoma Governmental Tort Claims act to Haskell County on or about December 9, 2016. The mandatory ninety (90) day waiting period before denial of a claim is assumed fell on or about March 9, 2017 and has since passed. The County's time for denial of the claim has since passed and their response is deemed as a denial.

b.   Severe limitation of the use of off-site medical service providers, even in emergent situations, at the Jail;

c.   Untimely medical examinations and treatment at the Jail by the jail and its employees and/or agents.

d.   Understaffing medical personnel at their Jail or under-training employees and/or officers on how to identify, assess or react to emergent medical situations;

e.   Jail's failure to adequately train Jail personnel and staff with respect to the proper assessment, classification and treatment of inmates with serious medical needs;

f.   Jail's failure to supervise, oversee or otherwise require the jail medical staff to actually discharge their duties in protection if inmate health and safety;

g.   The failure of the Jail, Jail employees and/or agents, and Medical staff to follow medical orders and/or properly dispense prescribed medications and/or treatments;

h.   Failure by Jail and medical staff to do routine checks on inmates

i.   Jail's failure to properly supervise sick inmates;

j.   Jail's persistent ignoring of complaints.

70.   The Jail, Hale, Turner and Christy knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed and excessive risk to the health and safety of inmates like Mr. Barrios.

71.   The Jail, Hale, Turner and Christy disregarded the known and/or obvious risks to the health and safety of inmates like Mr. Barrios.

72.   The Jail, Hale, Turner and Christy tacitly encouraged, ratified, and/or approved the acts and/or omissions alleged herein, knew (and/or it was obvious) that such conduct was unjustified and would result in violations of constitutional rights, and were deliberately indifferent to the serious medical needs of inmates like Mr. Barrios.

73. As a result of the conduct of the The Jail, Hale, Turner and Christy, its employees and/or agents, Decedent suffered and ultimately lost his life. Decedent's estate and heirs also suffered immensely at the death of Decedent. The aforementioned damages are in an amount in excess of $125,000.00.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant him a judgment against these Defendants as follows: a) for an award of compensatory damages in excess of $1,000,000.00; b) reasonable attorney's fees; c) the costs of this action; d) interest as provided by law and for all other relief this Court deems just and proper.

Respectfully Submitted:

/s/ Andrew M. Casey
Carla R. Stinnett, Esq. OBA No. 19532
Andrew M. Casey, Esq. OBA No.32371
STINNETT LAW
404 East Dewey, Suite 404
Sapulpa, Oklahoma 74066
Telephone: (918) 227-1177
Facsimile: (918) 227-1197
Email: carla@stinnettlaw.com
andrew@stinnettlaw.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**