# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERED BARRIOS, as the Personal Representative of the Estate of RANDALL BARRIOS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>HASKELL COUNTY PUBLIC FACILITIES AUTHORITY; BRIAN HALE, individually; KATRINA CHRISTY, individually and in her official capacity; SHERIFF TIM TURNER, in his official capacity; and DOES I THROUGH V,<br><br>Defendants. | Case No. CIV-17-325-SPS |

## ORDER

Plaintiff Jered Barrios, as the personal representative for Randall Barrios, Deceased, filed this civil rights action against Defendants Haskell County Public Facilities Authority, Brian Hale (individually), Katrina Christy (individually and in her official capacity), and Sheriff Tim Turner (in his official capacity), in addition to Does I-V, alleging Randall Barrios was subject to cruel and unusual punishment under the Eighth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, as well as alleging Oklahoma state law claims of negligence and wrongful death; negligent training, hiring, and supervision; and

violations of the Oklahoma Constitution, Art. 2, §§ 7 & 9 (a *Bosh*[1] Claim). This matter comes before the Court on Defendants Facilities Authority, Christy, and Turner's Partial Motion to Dismiss and Brief in Support [Docket No. 18] and Defendant Brian Hale's Motion to Dismiss and Brief in Support [Docket No. 19]. For the reasons set forth below, the Court finds that Defendant's Hale's Motion to Dismiss should be GRANTED IN PART AND DENIED IN PART, and that the partial Motion to Dismiss should be GRANTED.

As an initial matter, the Court finds that the Plaintiff's claim of a violation of the Oklahoma Constitution should be dismissed. On June 8, 2018, this Court certified questions of state law, including whether a county jail inmate may maintain a claim for denial of medical care under Article 2, §§ 7 & 9 of the Oklahoma Constitution notwithstanding any immunity for such a claim under the Oklahoma Governmental Tort Claims Act ("OGTCA"). *See* Docket No. 54. On December 6, 2018, the Oklahoma Supreme Court answered this question in the negative, finding that "'constitutional' torts are now clearly 'torts' governed by the GTCA," and that "the GTCA's specific prohibition against tort suits arising out of the 'operation or maintenance of any prison, jail or correctional facility' bars the claims at issue here." 2018 OK 90, ¶ 12. In light of this ruling, the Plaintiff now concedes that this claim should be dismissed, and the Court does

---

[1] *Bosh v. Cherokee County Building Authority*, 2013 OK 9, 305 P.3d 994, *superseded by statute as stated in Barrios v. Haskell County Public Facilities Authority*, 2018 OK 90 ¶ 2, 2018 WL 6321530.

therefore dismiss this claim. The Court addresses the remaining claims and arguments below.

## Procedural History

The Plaintiff filed this case on August 30, 2017. The Plaintiff alleged five causes of action in his Complaint, but as discussed above, only four remain after the Oklahoma Supreme Court's ruling as to the Plaintiff's Oklahoma Constitution claim. The remaining claims are as follows: (I) § 1983, cruel and unusual punishment in violation of the Eighth and/or Fourteenth Amendments, as to all Defendants; (II) 12 Okla. Stat. § 1053, negligence and wrongful death, as to Defendants Hale, Turner, and Christy; (III) 12 Okla. Stat. § 1053, negligence and wrongful death as to Does I-V; and (IV) negligent training, hiring, and supervision, as to Defendants Haskell County Public Facilities Authority, Hale, and Christy. Defendants Haskell County Public Facilities Authority ("HCPFA"), Christy, and Turner together have filed a partial motion to dismiss, asserting they are immune from Count IV, Plaintiff's claim of negligent training, hiring, and supervision.[2] Additionally, Defendant Hale has moved to dismiss all claims against him.

## Factual Background

Randall Barrios was in the custody of the Haskell County Public Facilities Authority when he committed suicide on November 12, 2016. Defendant Hale was the Sheriff of

---

[2] The partial motion to dismiss also called for dismissal of the fifth claim for relief under the Oklahoma Constitution. As the Court has already found dismissal of this Count is warranted, the arguments will not be repeated.

3

Haskell County at the time of Mr. Barrios's death, and Defendant Christy was the Jail Administrator. Since that time, Defendant Turner has become the Sheriff Haskell County.

## Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555, 556, 557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. And "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting

4

all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**Negligent Training, Hiring, and Supervision.** The Court first addresses Plaintiff's Fourth Claim for relief, as it is the subject of both Motions to Dismiss. The Tenth Circuit has stated that "the *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face," but that "Rule 8(a)(2) ["A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.] still lives." *Khalik*, 671 F.3d at 1191, 1193. The Supreme Court recognized this in *Erickson v. Pardus*, 551 U.S. 89 (2007), finding that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, *quoting Twombly*, 550 U.S. at 555, *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Here, the Plaintiff alleges an Oklahoma state law claim of negligent training, hiring, and supervision as to HCPFA, Hale, and Christy. As part of this claim, he alleges that the Doe Defendants I-V were "known [] to be inadequately capable of caring for the medical needs of inmates, specifically with concern for mental health dilemmas such as suicidal ideations, depression, and risk of suicide," and that the "Sheriff's Department, County, and Katrina Christy owed a duty of care [] to hire, train, and supervise its employees in a manner that would promote safety, ethical action, and responsibility of its employees." Docket No. 2, p. 14, ¶¶ 60-61. Furthermore, he alleges that "[t]hese defendants breached the duty of care[,]" and that these "actions, inactions, and

5

omissions of the County and these defendants were the direct and proximate cause of injuries sustained by Barrios." *Id.*, ¶¶ 62-63.

Defendant Hale asserts that this claim against him in his individual capacity is barred by the Oklahoma Governmental Tort Claims Act ("OGTCA") because he was necessarily acting within the scope of his employment with regard to any training, hiring, and supervision he undertook, and therefore he is immune from suit. Likewise, Defendants HCPFA and Christy assert their immunity from suit. The OGTCA states, "The state or a political subdivision shall not be liable if a loss or claim results from: []Provision, equipping, operation or maintenance of any prison, jail or correctional facility[.]" Okla. Stat. tit. 51 § 155(25). Moreover, discretionary actions are likewise shielded from liability. *See Id.* § 155(5) ("Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees[.]").

The Plaintiff asserts that he has alleged sufficient facts as to Defendant Hale and Defendant Christy in their individual capacities to establish that each was acting outside the scope of their employment or that a determination of whether they were acting inside or outside the scope of her employment is a question for the jury. Plaintiff asserts that this claim should not be litigated at this early stage because more discovery is necessary as to whether these Defendants were acting outside the scope of their employment. Alternatively, he contends that if sufficient facts have not been alleged, he should be allowed leave to amend the Complaint. The Plaintiff concedes, however, that Count IV as to Defendant Christy in her official capacity should be dismissed.

Here, the Plaintiff has simply alleged that "defendants" owed a duty of care that was breached when they "hired, failed to effectively train, failed to supervise, and failed to take any necessary steps to ensure that these employees were able to perform their duties in an ethical and safe manner." Docket No. 2, p. 14, ¶¶ 61-62. Plaintiff has alleged no facts that either Defendant Christy or Defendant Hale did anything specific, much less alleged facts sufficient to allege a theory of either of them acting outside the scope of their employment. In essence, the Complaint contains a bare recitation of elements with no plausible facts to find Defendant Christy or Defendant Hale liable. *See Iqbal*, 556 U.S. at 678, ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]. As such, dismissal of Count IV as to Defendant Hale in his individual capacity, and Defendant Christy in her official and individual capacity, is granted.

For the same reasons, the Court finds that Count IV should be dismissed as to Defendant HCPFA. Although, the Plaintiff asserts in his response that the entity is liable under a theory of *respondeat superior*, there are no facts or allegations in the Complaint that actions by any of the Defendants, or employees, were outside the scope of their employment. *See Harmon v. Cradduck*, 2012 OK 80, ¶ 19, n.20, 286 P.3d 643, 650 n.20

("[A]ny malicious or bad faith act by an employee falls outside the scope of employment for purposes of the GTCA."). As such, the entity maintains its governmental immunity as set out in the OCTCA. Okla. Stat. tit. 51 § 155(25) ("The state or a political subdivision shall not be liable if a loss or claim results from: [] 25. Provision, equipping, operation or maintenance of any prison, jail or correctional facility[.]"); § 155(5) ("Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees[.]"). *See also Langkamp v. Mayes Emergency Services Trust Authority*, 2017 WL 875483, at *4 (N.D. Okla. March 3, 2017) ("[T]he clear weight of authority supports finding that hiring, training, supervision, monitoring, and retention are actions that implicate a political entity's policy and planning functions and therefore fall under the discretionary function exemption of § 155(5); *Burns v. Holcombe*, 2010 WL 2756954, at *15 (E.D. Okla. July 12, 2010) (referring in part to §155(5), "[T]he state and/or a political subdivision is not subject to suit for discretionary acts such as hiring, supervising, and training employees, as well as enforcement or adoption of rules or policies."). Count IV is therefore dismissed as to all named Defendants.

**Negligence and Wrongful Death.** Defendant Hale likewise argues that Count II, a claim of negligence and wrongful death under Oklahoma state law, is barred by the OGTCA because he was acting within the scope of his employment, and further that Plaintiff has made no allegations regarding him or his actions on this claim. Plaintiff alleges in the Complaint, without further detail or explanation, that Mr. Barrios's "death was entirely preventable but for the negligent and/or reckless failures experienced by Mr. Barrios while at the jail and under the care of jail employees." Docket No. 2, ¶ 51. Again,

8

Plaintiff has alleged no facts that Defendant Hale did anything specific, much less alleged facts sufficient to allege a theory that he acted outside the scope of his employment. In essence, the Second Claim for Relief contains a bare recitation of elements with no plausible facts to find Defendant Hale liable. *See Iqbal*, 556 U.S. at 678, ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]. Accordingly, dismissal of Count II as to Defendant Hale in his individual capacity is granted.

**42 U.S.C. § 1983**. Defendant Hale notes, and the Court agrees, that Plaintiff's Count I, pursuant to § 1983, is somewhat unclear. Defendant Hale attempts to construe Plaintiff's Count I as either one of personal liability, which he contends fails for lack of personal involvement on the part of Defendant Hale, or one for municipal liability, which he contends fails for want of identifying specific policies and customs as well as notice that acts or omissions of employees would lead to the alleged constitutional violation. Plaintiff's § 1983 claims has been raised against, *inter alia*, both HCPFA as a municipality and Defendant Hale in his individual capacity. As such, any claim for municipal liability naturally attaches to HCPFA, and any claim as to Defendant Hale in his official capacity

9

for municipal liability would be duplicative. *See, e. g.*, *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) ("Suing individual defendants in their official capacities under § 1983, we've recognized, is essentially another way of pleading an action against the county or municipality they represent."). *See also Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Here, however, the Plaintiff has not named Defendant Hale in his official capacity and therefore municipal liability has not been raised as to this Defendant. Indeed, the Plaintiff himself asserts in his response that Defendant Hale is personally liable as a supervisor, and makes no argument regarding municipal liability as to this Defendant.

Defendant Hale nevertheless asserts that he should be granted dismissal of Plaintiff's § 1983 claim because the Plaintiff has failed to establish he was either personally involved in Randall Barrios's suicide or subject to supervisory liability. The Plaintiff contends that Defendant Hale "personally involved" himself as a supervisor by failing to properly train, discipline, and supervise the deputies under his authority. Although perhaps inelegantly stated, Plaintiff appears to be making a claim for supervisory liability. To be clear, "[s]ection 1983 does not authorize liability under a theory of respondeat superior." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (*citing Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. However, the Tenth Circuit has interpreted this to mean that "§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or

in some other way possesses responsibility for the continued operation of a policy" causing the constitutional harm. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). This takes the form of either personal liability through personal involvement, *or* supervisory liability based on a violation of a policy. *See, e. g.*, *Brown*, 662 F.3d at 1164-1165 ("Personal liability under § 1983 must be based on [] personal involvement, and supervisory liability must be based on [] Policy.").

It thus becomes the Plaintiff's burden to demonstrate for purposes of supervisory liability that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199-1200. As such, "an affirmative link must exist between the constitutional deprivation and the supervisor's personal participation, exercise of control or direction, or failure to supervise." *Quint v. Cox*, 348 F. Supp. 2d 1243, 1250 (D. Kan. 2004). "Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

"The contours of the first requirement for supervisory liability [*i. e.*, personal involvement] are still somewhat unclear after *Iqbal*, which 'articulated a stricter liability standard for . . . personal involvement.'" *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014), *quoting Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760,

11

768 (10th Cir. 2013). The Defendant asserts that because he was not personally involved in Mr. Barrios's suicide, the Plaintiff cannot establish the element of personal involvement. The Court finds, however, that the Plaintiff *has* sufficiently alleged Defendant's Hale's personal involvement as a supervisor, as set forth in *Dodds*, by alleging that he "promulgated, created, implemented and/or [was] responsible for maintaining" policies with regard to, *inter alia*, medical treatment and supervision, medical triage screening, use of off-site medical service providers, and the "proper assessment, classification and treatment of inmate with serious medical needs including suicide." *See* "Complaint," Docket No. 2, ¶¶ 31-32. *See also Dodds*, 614 F.3d 1185, 1195, 1200 ("A defendant supervisor's promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights also could have constituted sufficient personal involvement. . . . [W]e do not believe [*Iqbal*] altered the Supreme Court's previously enunciated §1983 causation and personal involvement analysis."). As to the second element, causation, the Plaintiff alleges in his Complaint that Defendant Hale's failures as a supervisor directly caused the lapses in medical attention that resulted in Mr. Barrios's suicide. *Id.*, ¶¶ 25-48.

Finally, "[t]he standard of culpability necessary to an Eighth Amendment violation is one of deliberate indifference." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Although pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, . . . this Court applies an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Olsen v. Layton Hills Mall*, 312 F.3d 1305, 1315 (10th Cir. 2002), *quoting Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999).

*See also Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992) ("Under the Fourteenth Amendment's due process clause, pretrial detainees . . . are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment."). "[A] local government policymaker is deliberately indifferent when he 'deliberately' or 'consciously' fails to act when presented with an obvious risk of constitutional harm which will almost inevitably result in constitutional injury of the type experienced by the plaintiff." *Hollingsworth v. Hill*, 110 F.3d 733, 745 (10th Cir. 1997).

In most cases, the Tenth Circuit has stated that the risk of constitutional harm identified need not apply to a specific inmate. *Keith v. Koerner*, 843 F.3d 833, 848 (10th Cir. 2016) ("In identifying the relevant risk, we do not focus on the risk to a specific inmate by a specific employee; we instead analyze whether the combined circumstances created a risk for inmates in the plaintiff's situation."). However, the Tenth Circuit has carved out a different rule with regard to inmate suicides, requiring that the Defendant be aware of a substantial risk of suicide for the specific inmate. *See Cox v. Glanz*, 800 F.3d 1231, 1250 (10th Cir. 2015) ("That is, irrespective of the alleged deficiencies in the Jail's suicide-screening protocols, in order for any defendant, including Sheriff Glanz, to be found to have acted with deliberate indifference, he needed to first have knowledge that the specific inmate at issue presented a substantial risk of suicide."). *See also Burke v. Glanz*, 2016 WL 3951364, at *14 (N.D. Okla. July 20, 2016) ("[E]ven significant, convincing evidence of an official's knowledge of a dangerously deficient system would be irrelevant, so long as the official was unaware of the precise risk to the specific inmate."); *Bloom v. Toliver*, 133 F. Supp. 3d 1314, 1327 n.5 (N.D. Okla. 2015) (citing *Cox v. Glanz*, "A recent Tenth

13

Circuit decision holds that, in one class of jail cases (jail suicide), the state of mind element is not established in the absence of proof that the supervisor 'had knowledge that the specific inmate at issue' was at substantial risk."). This requirement does not mean that Defendant Hale would have had to have interacted with Mr. Barrios, but permits such knowledge of the risk of suicide to come from subordinates as well. *Cox*, 800 F.3d at 1252 ("Sheriff Glanz had no personal interaction with Mr. Jernegan or direct and contemporaneous knowledge of his treatment[.] [I]nsofar as he had knowledge sufficient to form the requisite mental state, it would have had to necessarily come from his subordinates."). Upon review of the Plaintiff's Complaint, the court finds that it sufficiently sets forth such an allegation of knowledge of risk for this early stage of the case, when it states that "[a]ll defendants were notified and aware of decedent Barrios's condition [depression, suicidality, and medical care for pain and depression][,]" and that "all Defendants knew that decedent not having access to treatment, medications, and evaluations could result in depression and suicide." *See* Docket No. 2, ¶¶ 18, 22. Accordingly, Defendant Hale's motion for dismissal of Count I is denied.

In sum, the Partial Motion to Dismiss by Defendants HCFPA, Christy, and Turner is GRANTED, as it pertains to Plaintiff's Fourth (Negligent Training, Hiring, and Supervision) and Fifth (Oklahoma Constitutional Claim) Claims for Relief. Additionally, Defendant Hale's Motion to Dismiss is GRANTED IN PART as to Plaintiff's Second (Negligence and Wrongful Death), Fourth, and Fifth Claims for Relief, and DENIED IN PART as to Plaintiff's First Claim for Relief (42 U.S.C. § 1983). The Plaintiff shall be given fourteen days to file an Amended Complaint.

## CONCLUSION

Accordingly, the Court finds that the Defendants Facilities Authority, Christy, and Turner's Partial Motion to Dismiss and Brief in Support [Docket No. 18] is hereby GRANTED and Defendant Brian Hale's Motion to Dismiss and Brief in Support [Docket No. 19] is DENIED IN PART as to Count I, and otherwise GRANTED. As such, Plaintiff's Fourth (Negligent Training, Hiring, and Supervision) and Fifth Claims (violation of the Oklahoma Constitution) for Relief are hereby dismissed in their entirety. Plaintiff's Second Claim for Relief is likewise dismissed as to Defendant Hale. Plaintiff is given fourteen days to file an Amended Complaint.

DATED this 24th day of January, 2019.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma