IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JERED BARRIOS, as the Personal Representative of the Estate of RANDALL BARRIOS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1) HASKELL COUNTY PUBLIC FACILITIES AUTHORITY;<br>(2) BRIAN HALE, individually,<br>(3) KATRINA CHRISTY, individually and in her official capacity,<br>(4) SHERIFF TIM TURNER, in his official capacity; and<br>(5) DOES I THROUGH V.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)     Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

**COMES NOW** Plaintiff, Jered Barrios ("Plaintiff"), as Personal Representative of the Estate of, Randall Barrios, deceased, and for his causes of action against the Defendants, alleges and states as follows:

1. Defendant Haskell County Public Facilities Authority ("Jail Trust"), was, at all times relevant hereto, a public trust created pursuant to 60 O.S. § 176 et. seq to run the Haskell County Criminal Justice Center ("Jail"), and is a valid public trust with the County of Haskell as its beneficiary who is a public subdivision of the State of Oklahoma (hereinafter "County"). Jail Trust was, at all times relevant hereto, responsible for providing medical services including mental health care and medication to Mr. Barrios while he was in the custody of the Jail. Jail Trust was additionally responsible for implementing Jail policies regarding medical care, assisting in developing those policies,

1

funding staff and resources, and in training and supervising employees with regard to said policies.

2. Defendant, Brian Hale, at all relevant times, was the duly elected Sheriff for Haskell County during the incarceration of Mr. Barrios and the final policymaker for the Jail Trust and County in regards to its law enforcement mechanism the Haskell County Sheriff's Department ("HCSD"). Hale is being sued in his individual capacity for his personal actions and supervisory actions.

3. Defendant, Tim Turner is the current duly elected sheriff of Haskell County and the final policymaker of the Jail Trust and County in regards to its law enforcement mechanism, HCSD. Turner is being sued in his official capacity for the personal and supervisory actions taken by the Sheriff of Haskell County at the time of Mr. Barrios's death.

4. Defendant, Katrina Christy, at all relevant times, was the Jail Administrator for the Haskell County Criminal Justice Center operating as the final policymaker for the Jail Trust and County in regards to the operation of the Haskell County Criminal Justice Center. Christy is being sued individually and in her official capacity for the personal and supervisory actions taken as Jail Administrator.

5. The true names of DOES I through V are unknown to Plaintiff at the time of the initial filing. Plaintiff alleges that several specific employees ranging from jail nurses to jail staff employees are employed by Haskell County Detention Center Public Trust Board, at the time of the incident. Those employees were deliberately indifferent to Mr. Barrios's medical needs and safety, violated his civil rights, negligently and wrongfully

caused his death, and/or encouraged, directed, enabled and/or ordered other Defendants to engage in such conduct.

6. Except as otherwise indicated, all acts and omissions referred to herein occurred within the two years prior to filing this complaint.

7. This complaint arises under the civil rights statutes of the United States and under diversity. Specifically, 42 U.S.C. § 1983 and 28 U.S.C. § 1332 are applicable. In addition, ancillary jurisdiction is invoked under 28 U.S.C. § 1367.

8. Pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1332 and § 1367, this Court has jurisdiction.

9. All material allegations herein occurred within the Eastern District of Oklahoma. Thereby, making venue proper in this Court.

10. The Haskell County Public Facilities Authority d/b/a the Haskell County Criminal Justice Center a/k/a Haskell County Jail is and was during the time period responsible for all material conduct of the Haskell County Criminal Justice Center and its employees. All acts, customs, policies, practices, failure to train and failure to supervise its employees alleged herein are attributed to the Haskell County Public Facilities Authority.

11. Both within the applicable statute of limitations, and presumptively for many years prior thereto, the County has been in charge of the Criminal Justice Center where its unconstitutional policies and procedures or failure to enact or enforce constitutional policies and procedures have allowed inmates to be withheld treatment and/or medication that is necessary for their health and wellbeing.

12. All the Conduct alleged herein by the Haskell County Public Facilities Authority and its employees was performed while acting under the color of law and within the meaning of 42 U.S.C. § 1983.

13. Recognizing the extraordinary vulnerability of persons who are inmates of a county jail for any reason and the county's responsibility to provide care for any serious medical need and/or protection from self-harm, the State of Oklahoma and United States Constitutions and Oklahoma common law require that proper medical attention and/or medications be provided.

14. It is further alleged the County has failed to enact a policy and/or procedure to evaluate, treat and/or protect inmates from suicidal acts.

15. It is further alleged that the County had a policy, custom, or practice of allowing an environment for its employees to refuse to provide treatment and/or protections from those exhibiting suicidal thoughts or symptoms.

16. It is further alleged that the County, or its administration, were deliberately indifferent to the Constitutional rights of the decedent set forth herein, and/or the direct and proximate cause of the damages sought by the plaintiff.

17. Plaintiff further alleges that the decedent, Randall Barrios, was in the custody of the Haskell County Criminal Justice Center where he took his life on November 12, 2016.

18. Additionally, and even prior to his death, Mr. Barrios was severely depressed, exhibited signs of suicidality and suicidal ideations, and was under medical care

for pain and depression. All defendants were notified and aware of decedent Barrios's condition.

19. Plaintiff further alleges that the decedent, and others, made multiple requests for treatment, evaluations and/or medications to be prescribed to the decedent. That this failure to monitor, treat, and/or permit the medications was the direct and proximate cause of the decedent's death.

20. Upon information and belief, multiple witnesses noticed decedent's behavior and heard him exhibit suicidal ideations. This included multiple previous attempts by Mr. Barrios to commit suicide prior to his death. Witnesses reported that information to County officials. Despite having knowledge that decedent was at risk for committing suicide, the County was deliberately indifferent to decedent's rights, safety, and medical care.

21. Upon information and belief, the County took no action to prevent or contain the risk of decedent's suicide.

22. Upon information and belief, all Defendants knew that decedent not having access to treatment, medications, and evaluations could result in depression and suicide. Despite this, all defendants denied decedent access to that medication and were deliberately indifferent to the known risk of suicide it would create in decedent.

23. Based on the foregoing allegations, Haskell County Public Facilities Authority, Brian Hale, the Haskell County Sheriff, Katrina Christy and/or John/Jane DOES I-V were deliberately indifferent and/or negligent to the Constitutional rights of the damages sought by the Plaintiff set forth herein, by and through their identified acts and/or

negligent to the Constitutional rights of the damages sought by the Plaintiff set forth herein, by and through their identified acts and/or failures to act. Additionally, under the Oklahoma Constitutional law, the Haskell County Public Facilities Authority is liable for any negligent acts in violation of the Oklahoma Constitutional rights afforded to the decedent as allowable by law.

## CLAIMS FOR RELIEF

**First Claim for Relief - Cruel and Unusual Punishment in Violation of the Eighth and/or Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) Defendants Haskell County Public Facilities Authority, Sheriff Hale, Sheriff Tim Turner, Jail Administrator Katrina Christy, and DOES I – V.**

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23, as though fully set forth herein.

25. All Defendants knew there was a strong likelihood that Mr. Barrios's condition would cause his death or permanent injury. Mr. Barrios had obvious, serious and emergent medical issues and needs, including depression, mental illness, suicidal ideations, and other conditions made known to these Defendants at the time of his arrest, when he was taken to the Jail, during his stay at the Jail, and numerous other times prior to his death.

26. Nonetheless, all Defendants disregarded the known and obvious risks to Mr. Barrios's health and safety.

27. All Defendants failed to provide, *inter alia*: an adequate or timely medical evaluation, any assessment, to properly follow care instructions upon Mr. Barrios's first unsuccessful suicide attempt, or adequate medical monitoring and supervision or to otherwise care for Mr. Barrios while he was placed under their care, in deliberate indifference to Mr. Barrios's serious medical needs, health and safety.

28. Sheriff Brian Hale (and Tim Turner in his Official Capacity) and Jail Administrator Katrina Christy assumed and possessed supervisory capacity and responsibility for supervising, hiring, and training deputies, jail staff, and medical employees to serve the citizens of Haskell County including Barrios. Hale, Turner, and Christy also assumed responsibility for promulgating, creating, administering, and enforcing, rules and procedures for the Haskell County Sheriff's Department for the day-to-day operation of the criminal justice center that protect the citizen inmates of Haskell County and prevent Barrios's unconstitutional injuries. Hale and Christy personally involved themselves in Barrios's death by participating in the creation of flawed training protocols, lack of supervision, and tolerance of numerous constitutionally infirm activities of his subordinate deputies including previous instances of unreasonable responses to threats of safety to inmates (including unconstitutional responses to the emergent threat of suicide to Mr. Barrios). Additionally, Hale and Christy exercised control and discretion over these employees'/deputies' activities and employees/deputies like these who committed prior instances of ignoring medical needs but chose to not address their actions with further training. Further, Hale and Christy failed to properly discipline and supervise deputies that engaged in unconstitutional acts. Finally, Hale and Christy knew of these violations of citizen's constitutional rights and acquiesced to their continuance.

29. In the wake of Mr. Barrios's death, the citizens of Haskell County elected a new sheriff, Tim Turney. Turner is being sued in his official capacity as the current sheriff of Haskell County for the actions taken by the Sheriff's office. Turner assumed responsibility for written policies and regulations, informal customs amounting to

widespread practices, and the responsibility to train and supervise its employees when those policies present a known or obvious risk of potentially causing unconstitutional injuries to citizens of Haskell County like Barrios.

30. As a direct and proximate result of Defendants' conduct, Mr. Barrios experienced severe physical pain, severe emotional distress, severe mental anguish, loss of his life, and all other compensatory damages alleged herein or otherwise recoverable by his estate.

31. There is an affirmative link between the aforementioned acts and/or omissions of these Defendants in being deliberately indifferent to Mr. Barrios's serious medical needs, health and safety and policies, practices and/or customs which both defendants respectively promulgated, created, implemented and/or were responsible for maintaining.

32. Such policies, practices and/or customs include, but are not limited to:

a. The failure of each entity or individual to promulgate, implement or enforce, adequate medical treatment or supervision policies responsive to the serious medical needs of inmates like Mr. Barrios;

b. Inadequate medical triage screening by law enforcement officers or at the Jail that fails to identity inmates with serious medical needs;

c. Severe limitation of the use of off-site medical service providers, even in emergent situations, at the Jail;

d. Untimely medical examinations and treatment at the Jail;

e. Understaffing medical personnel at their Jail or under-training employees and/or officers on how to identify, assess or react to emergent medical situations;

f. Jail's failure to adequately train Jail personnel and staff with respect to the proper assessment, classification and treatment of inmates with serious medical needs including suicide; and,

g. Jail's failure to supervise, oversee or otherwise to require the mental health evaluations or suicide watch once an emergent suicide risk was determined.

33. All Defendants knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of inmates like Mr. Barrios.

34. All Defendants disregarded the known and/or obvious risks to the health and safety of inmates like Mr. Barrios.

35. All Defendants through continued encouragement, ratification, and approval of the aforementioned policies, practices, and/or customs, in spite of their known and/or obvious inadequacies and dangers, have been deliberately indifferent to inmates', including Mr. Barrios's serious medical needs.

36. There is an affirmative link between the unconstitutional acts of Jail subordinates and the County's adoption and/or maintenance of the aforementioned policies, practices and/or customs.

37. As a direct and proximate result of the aforementioned policies, practices and/or customs, Mr. Barrios experienced severe physical pain, severe emotional distress,

severe mental anguish, loss of his life, and all other compensatory damages alleged herein or otherwise recoverable by his estate or its beneficiaries.

38. At all times pertinent hereto, all Defendants were acting under color of state law.

39. All defendants were charged with implementing and assisting in developing the policies of the Haskell County Jail with respect to the medical care of inmates at the Haskell County Jail and have the responsibility to adequately train and supervise said employees.

40. All defendants are involved in, and exert control over, the Jail's medical program.

41. All defendants control the policies and practices of the Detention Center, particularly with respect to medical care provided at the Haskell County Jail.

42. There is an affirmative link between the deprivation of Mr. Barrios's right to be free of cruel and unusual punishment and policies, practices and/or customs all defendants promulgated, created, implemented and/or were responsible for maintaining.

43. Such policies, practices and/or customs include, but are not limited to:

a. The failure to promulgate, implement or enforce adequate medical treatment policies responsive to the serious medical needs of inmates like Mr. Barrios;

b. Inadequate medical triage screening that fails to identify inmates with serious medical needs;

c. Severe limitation of the use of off-site medical and diagnostic service providers, even in emergent situations;

    d.      Untimely medical examinations and treatment;

    e.      Understaffing of medical personnel;

    f.      The failure to adequately train employees with respect to the proper assessment, classification and treatment of inmates with serious medical conditions;

    g.      The failure to allow for transport to off-site providers when necessary or prudent; and

    h.      County's ratification, via its final policymakers Hale/Turner and Christy, of its employees complete and total deliberate indifference to Haskell County Jail inmates.

44.    All defendants knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of inmates like Mr. Barrios.

45.    All defendants disregarded the known and/or obvious risks to the health and safety of inmates like Mr. Barrios.

46.    All defendants tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, knew (and/or it was obvious) that such conduct was unjustified and would result in violations of constitutional rights, and were deliberately indifferent to the serious medical needs of inmates like Mr. Barrios.

47.    As a direct and proximate result of the aforementioned policies, practices and/or customs, Mr. Barrios experienced severe physical pain, severe emotional distress, severe mental anguish, loss of his life, and all other compensatory damages alleged herein or otherwise recoverable by his estate.

48. Additionally, Plaintiff is entitled to entitled to attorney's fees, costs of this action, interest as provided by law, and such other relief as is just and proper.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant him a judgment against these Defendants as follows: a) for an award of compensatory damages in an amount to be determined by a jury, b) reasonable attorney's fees, c) the costs of this action, d) interest as provided by law and for all other relief this Court deems just and proper, and e) all other categories of damages allowed by the law.

Respectfully Submitted:

/s/ Andrew M. Casey
Andrew M. Casey, OBA No. 32371
FOSHEE & YAFFE
12231 S. May Ave.
P.O. Box 890420
Oklahoma City, OK  73189
Telephone: (405) 632-6668
Facsimile: (405) 632-3036
andrewc@fylaw.com
**ATTORNEY FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**